UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

GALEANA SMITH for K.D.P., Jr,
     a minor child,

                               Plaintiff,

      v.                                                **DECISION AND ORDER**
                                                                       06-CV-142S

JO ANNE BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

                               Defendant.
_____

      1.      Plaintiff Galeana Smith, on behalf of her minor child, challenges an Administrative Law Judge's ("ALJ") determination that her child is not disabled within the meaning of the Social Security Act ("the Act").  Plaintiff alleges that her child has been disabled since 1995, due to a learning disorder, asthma, behavioral problems, and allergies.  Plaintiff asserts that her child is entitled to Supplemental Security Income ("SSI") under the Act.

      2.      On July 25, 2005, the ALJ denied Plaintiff's application for social security benefits on behalf of her son.  Plaintiff exhausted administrative remedies[1] and filed the instant action on March 10, 2006, challenging the ALJ's decision.  On October 19, 2006, Defendant moved for Judgment on the Pleadings.  (Docket No. 10).  On November 13, 2006, Plaintiff moved for Judgment on the Pleadings.  (Docket No. 13).
After full briefing, this Court deemed oral argument unnecessary and took the motions under advisement on December 11, 2006. For the following reasons, Defendant's motion is granted and Plaintiff's motion is denied.

      3.      This Court reviews the administrative record de novo to determine whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard.  Machadio v. Apfel, 276 F.3d 103, 108 (2d Cir. 2002).  As the

---

[1] The ALJ's decision became the Commissioner's final decision in this matter after the Appeals Council denied Plaintiff's request for review on January 5, 2006.

Second Circuit has held in a child's SSI disability case, "[w]here an administrative record supports disparate findings," the reviewing court "must accept the ALJ's factual determinations." Quinones v. Chater, 117 F.3d 29, 36 (2d Cir. 1997).

4. Under the Commissioner's regulations, a sequential analysis is utilized to determine whether a child is disabled for the purposes of the SSI program. 42 U.S.C. § 1381 *et seq.*; 20 C.F.R. § 416.924(a)-(d). In the first two steps, the Commissioner determines whether the child has engaged in substantial gainful activity and has medically severe impairments. At the third step, the Commissioner determines whether the child's impairment meets, medically equals, or functionally equals the criteria of any impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listing of Impairments"). The Commissioner will further determine whether the impairment meets the "duration requirement" set forth in 20 C.F.R. § 416.924(a). If a child's impairments do not meet or equal a listed impairment, the Commissioner will assess all functional limitations caused by the child's impairment(s). 20 C.F.R. § 416.926a(a). In determining functional equivalence to a listed impairment, the Commissioner considers the child's abilities in six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for self; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1). A child is found disabled if his impairments result in "marked" limitations in two domains of functioning or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a(a) and (d). An impairment in a particular domain is "marked" if it seriously interferes with the claimant's ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(2)(I). An impairment in a particular domain is "extreme" if it "very seriously" interferes with the claimants ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(3)(I).

5. In this case, the ALJ found that the claimant was a minor child who had never

engaged in substantial gainful activity. (R. at 18). The ALJ found that claimant had "severe" impairments, including a learning disorder, speech and language delays, behavior problems, asthma, and allergies, but that these impairments did not meet or medically equal the severity of any listed impairment. (R. at 18). The ALJ found that claimant had a "marked" limitation in the domain of acquiring and using information. (R. at 18). The ALJ found that because claimant had no "extreme" limitations, and had only one "marked" limitation, claimant's impairments did not functionally equal in severity the criteria of any listed impairment. (R. at 18). The ALJ found that the subjective complaints and allegations of a disability were not supported by the record, and concluded that claimant was not under a disability that would entitle him to child's Supplemental Security Income. (R. at 18).

6. Plaintiff contends that the ALJ's conclusion is not supported by the evidence in the record, and is based on an erroneous legal standard. (Plaintiff's Brief, p. 9). Having reviewed the ALJ's determination, this Court finds that the ALJ applied the correct legal standard for determining a child's SSI claim as set forth in 42 U.S.C. § 1381 *et seq.*, 20 C.F.R. §§ 416.924(a)-(d), 416.926.

Furthermore, Plaintiff asserts that the ALJ erred in finding that her child's impairments do not meet the requirements of Listing 112.05F, which sets forth the criteria of a mental retardation impairment. (Plaintiff's Brief, p. 12). This Court agrees with Defendant, however, that Plaintiff failed to satisfy the first prong of Listing 112.05F, which requires a showing that claimant's cognitive and communicative functioning was markedly impaired. Accordingly, this Court finds that the ALJ did not err in concluding that Plaintiff's child's impairments do not meet the requirements of Listing 112.05F.

7. After carefully examining the administrative record, this Court finds that substantial evidence supports the ALJ's decision in this case. Specifically, the medical evidence and opinions contained in the record, in conjunction with the testimony, support the ALJ's determination. This

Court finds no reversible error in the ALJ's overall weighing of the evidence or in his credibility determination, and finds that substantial evidence of record supports his decision. Accordingly, Defendant's Motion for Judgment on the Pleadings is granted and Plaintiff's motion seeking the same relief is denied.

      IT HEREBY IS ORDERED, that Defendant's Motion for Judgment on the Pleadings (Docket No. 10) is GRANTED.

      FURTHER, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 13) is DENIED.

      FURTHER, that the Clerk of the Court is directed to take the necessary steps to close this case.

      SO ORDERED.

Dated:  August 16, 2007
         Buffalo, New York

                                                /s/William M. Skretny
                                                WILLIAM M. SKRETNY
                                                United States District Judge